## JOHN STANFORD v. THE STATE.

### No. 3351.    Decided December 13, 1905.

**Fraudulently Disposing of Mortgaged Property—Charge of Court—Limitation —Newly Discovered Evidence.**

Where on trial of fraudulently disposing of mortgaged property, there was sufficient evidence that the statutes of three years limitation had begun to run long before the return of the indictment, a charge of the court that if the sale occurred within three years next before finding the indictment defendant should be found guilty, using conflicting dates as to the return of the indictment, was error. The motion for new trial set up newly discovered evidence which would have clearly established limitation.

Appeal from the District Court of Smith.    Tried below before Hon. R. W. Simpson.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of disposing of a wagon, on which he had given a mortgage, with intent to defraud Gaston & Patterson. The mortgage was executed on the 16th of November, 1900. Appellant sold the wagon to Bob Easley. The evidence leaves the date of the sale somewhat confused. Easley testified that he bought the wagon about six weeks or two months after

appellant bought it. Appellant testified that he bought the wagon, as he recollected the transaction, in August, 1900. However, the wagon was sold after the execution of the mortgage. The wagon was owned by appellant when he gave the mortgage. If Easley's testimony is correct, the wagon was sold about the last of December, 1900, or January 1, 1901. If the wagon was sold six months after appellant bought it (and he bought it in August, 1900) then the sale occurred not later than the first of March, 1901. But concede that it was sold six months after the execution of the mortgage, which occurred on the 16th of November, 1900, then the sale would not have occurred later than the first of June, 1901. The indictment was returned into court on October 13, 1904. The court in one place instructed the jury that, if the sale occurred within three years next before the 13th of October, 1904, etc., appellant should be convicted. In another portion of the charge, the court instructed the jury, if the State has not shown beyond a reasonable doubt that the disposition of the wagon occurred within three years next before the filing of the indictment, to wit: October 14, 1901, or if there was a reasonable doubt as to the sale having been made before said date, they should acquit. Exception was reserved to this clause of the charge. These dates given in the charge were conflicting. The latter charge authorized the jury to disregard the statute of limitations, which was three years. The facts show that this sale occurred more than three years before the presentment of the indictment. This offense is barred in three years, and the indictment is prohibited by the statute from being presented after the period. We have stated the evidence in regard to the transaction bearing upon the question of sale, as the evidence adduced on the trial shows it; and there is no fact in the record showing it could have possibly occurred after the first of June, 1901. The indictment was presented on 13th of October, 1904. If these dates are correct, the transaction had been barred several months at the time the grand jury returned the bill. There is one expression by the witness Easley, to the effect that he bought the wagon in the winter of 1900 or 1901. But when he states the facts it shows that it was in the winter of 1900—at least either in December, 1900, or January, 1901. He distinctly states that he bought the wagon from appellant about six weeks or two months after appellant had bought it. These facts, taken with the date of the mortgage on the wagon (November 16, 1900) show that the sale occurred in December, 1900, or the first of January, 1901. So we hold that the evidence is sufficient to show that the statute of limitation had long interposed at the time of the return of the indictment. If there was any doubt in regard to this matter, the motion for new trial should have been granted on the newly discovered evidence of several witnesses, by whom the date would have been shown to be about the first of January, 1901. However, we believe the evidence is sufficiently definite, and on account of the fact

that the statute of limitation had interposed at the time of the return of the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*